IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PACIFICORP, an Oregon
corporation,

        Plaintiff,

3:10-cv-00099-PK

OPINION AND ORDER

NORTHWEST PIPELINE GP, a
Delaware Partnership, and GAS
TRANSMISSION NORTHWEST
CORPORATION, a California
corporation,

        Defendants.

PAPAK, Judge:

        Plaintiff PacifiCorp brings this action against defendants Northwest Pipeline GP ("NWP") and Gas Transmission Northwest Corporation ("GTN") arising out of the alleged contamination of natural gas causing damage to PacifiCorp's Hermiston power plant. Before the court is PacifiCorp's motion for reconsideration (#217) of this court's February 28, 2012 order compelling discovery of the 2008 Exponent report and motion to certify that order for

Page 1 - OPINION AND ORDER

interloculatory appeal under 28 U.S.C. §1292(b) (#217). Both motions are denied for the reasons stated by the court on the record during the telephonic oral argument of March 8, 2012.

In addition, defendants raise another persuasive rationale for compelling the 2008 Exponent report. In their opposition papers, defendants contend that they have a substantial need for the 2008 report sufficient to overcome the qualified work product protection because: (1) Exponent "irreparably altered" many of the remaining fuel nozzles at issue in this case during its testing of those nozzles; and (2) Exponent kept no notes, logs, or other writings concerning any of the testing it performed on those nozzles. While the potential spoliation of fuel nozzles is likely to be contested by PacifiCorp and litigated later in this case, PacifiCorp has confirmed that Exponent created no records of its original testing.[1] Thus, not only do defendants potentially lack the ability to replicate Exponent's examination of the fuel nozzles, they are also prevented from accessing the full universe of raw data Exponent obtained when it first examined those nozzles and instead are necessarily limited to a subset of that data which Exponent chose to present in its 2011 report. These unusual facts highlight defendants' need for the 2008 Exponent report, which is apparently the most proximate memorialization of the testing and examination Exponent performed. Consequently, whether under the "substantial need" standard of Fed. R. Civ. P. 26(b)(3)(A)(ii) or the "exceptional circumstances" standard of Fed. R. Civ. P. 26(b)(4)(D)(ii), defendants are entitled to the 2008 Exponent report despite any work product protection it may otherwise enjoy.

---

[1] The fact that Exponent created no notes, logs, or other writings whatsoever from its examination and testing of 11 fuel nozzles seems very unusual, in light of the complexity of Exponent's analysis, the multiple authorship of the 2008 report, and the length of both the 2008 and 2011 reports.

Page 2 - OPINION AND ORDER

## CONCLUSION

For the reasons described above and on the record during the telephonic oral argument of March 8, 2012, plaintiff's motion for reconsideration (#217) and motion for certification of an interlocutory appeal under 28 U.S.C. §1292(b) (#217) are denied.

IT IS SO ORDERED.

Dated this 9th day of March, 2012.

*Paul Papak*
Honorable Paul Papak
United States Magistrate Judge

Page 3 - OPINION AND ORDER