IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PACIFICORP, an Oregon
corporation,

Plaintiff,

3:10-cv-00099-PK

OPINION AND ORDER

NORTHWEST PIPELINE GP, a
Delaware Partnership, and GAS
TRANSMISSION NORTHWEST
CORPORATION, a California
corporation,

Defendants.

PAPAK, Judge:

Plaintiff Pacificorp brings this action alleging state law claims for negligence,

negligence/res ipsa loquitor, trespass, and nuisance against Northwest Pipeline ("Northwest")

and negligence /res ipsa loquitor and breach of contract against Gas Transmission Northwest

("GTN"), arising from shut-downs of the natural gas power generation plant in Hermiston,

Oregon purportedly caused by compressor oil in the gas supply that contaminated the generator

turbines. Previously this court granted a motion for summary judgment eliminating Northwest as

a defendant in the case and leaving GTN as the only remaining defendant. (#361.) As part of

Page 1- OPINION AND ORDER

that prior order, this court also granted PacifiCorp's motion to compel documents and

communications considered by GTN's non-retained experts that relate to those experts' opinions.

The court ordered GTN to produce all documents generated or seen by GTN non-reporting expert

witnesses Trent Van Egmond, Ed Toews, John Plaster, and Larry Fox that relate to the subject of

their expert opinions.  GTN failed to produce the documents within the timeframe set forth in

Local Rule 37-2.  Now before the court is PacifiCorp's motion to enforce the court's order

compelling discovery.  (#366.)  For the reasons stated below, the motion is granted.

## DISCUSSION

The present motion, as well as the court's analysis of the previous motion to compel,

address a murky area of the law created by recent amendments to Rule 26 concerning expert

witnesses.  PacifiCorp sought discovery of at least 76 communications authored by, received by,

or copied to GTN's employee, non-retained experts on topics about which they intend to testify,

many of which involved GTN's in-house and outside counsel.  GTN objected that these

communications are protected by the attorney-client privilege and that the non-retained experts

did not consider any of the requested communications in reaching their expert opinions.  In

resolving the dispute, this court took guidance from *United States v. Sierra Pacific Industries*,

No. CIV S–09–2445 KJM EFB, 2011 WL 2119078, (E.D. Cal. May 26, 2011), the only case in

this circuit decided since the recent amendments to Rule 26 that analyzes whether

communications between non-retained employee experts and counsel are protected and/or

privileged, and only one of several cases in the nation addressing the issue.  I adopted the

analytical approach of *Sierra Pacific* and consequently held that, for all GTN non-retained

witnesses who were hybrid fact-opinion witnesses, communications with GTN's counsel relating

to the subject of the expert's proposed testimony were not protected or privileged and were

Page 2- OPINION AND ORDER

discoverable. The present motion raises three issues: whether this court should reconsider its earlier order; whether GTN can avoid the waiver of attorney-client privilege and work-product protection by amending its expert designations; and whether this court should certify its prior order for interlocutory appeal.

## I.     Reconsideration

GTN first argues that the court should reconsider that decision because *Sierra Pacific* was wrongly decided, and instead follow two unpublished district court cases from outside this circuit which hold that designating a non-reporting employee expert does not waive the attorney-client privilege for the expert's communications with counsel. A court order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Where a party seeks reconsideration of a non-final order, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1048-1049 (9th Cir. 2000). Generally, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

GTN seems to suggest that the court's prior ruling was clearly erroneous because it relied heavily on *Sierra Pacific.* Although the Ninth Circuit has offered varying definitions of clear error, that concept generally requires a " 'definite and firm conviction' that an error has been committed." *Tuan Van Tran v. Lindsey*, 212 F.3d 1143, 1153 (9th Cir. 2000); *cf. McDowell v. Calderon*, 197 F.3d 1253, 1255–56 (9th Cir. 1999) ("The question being a debatable one, the district court did not commit clear error"). Because the effect of the 2010 amendments to Rule 26 on non-reporting expert witnesses is still very much unclear and because the Ninth Circuit has

not addressed the issue, I must conclude that this court did not commit clear error by adopting the analysis of *Sierra Pacific*, which to date is the *only* case on the subject decided by a court in this circuit.

While I could end my analysis there, I reflect on some of the concerns GTN raises about the *Sierra Pacific* decision. First, GTN suggests that this court instead adhere to *Graco, Inc. v. PMC Global, Inc.*, No. 08–1304 (FLW), 2011 WL 666056 (D.N.J. Feb. 14, 2011) and *PACT XPP Techs., AG v. Xilinx, Inc.*, No. 2:07–CV–563–RSP, 2012 WL 1205855 (E.D. Tex. Apr. 11, 2012), both of which reached the opposite result from *Sierra Pacific*. Without going into the facts of those cases, suffice it to say that neither offers any *explanation* for its conclusion that designating a non-reporting employee witness does not waive the work-product protection or attorney-client privilege, other than perhaps the Advisory Committee's observation that the amended Rule 26 "does not exclude protection under other doctrines, such as privilege or independent development of the work-product doctrine." 2010 Advisory Committee Note to Fed. R. Civ. P. 26. In fact, *Sierra Pacific* criticized the *Graco* decision for just this reason and also because *Graco* failed to consider case law within the Ninth Circuit predating the 2010 amendments, which speaks to the state of the law on the work-product doctrine and applicable privileges *independent* of the explicit requirements of Rule 26. 2011 WL 2119078 at *9. Further, neither was decided based on Ninth Circuit case law, making those cases even less helpful to this court.

Then there are GTN's criticisms of *Sierra Pacific* itself, which fall into three general areas. GTN argues that *Sierra Pacific*: (1) incorrectly summarized the state of the pre-2010 jurisprudence relating to designation of employees as experts; (2) effectively fashioned a new rule for a sub-category of non-reporting experts that had no foundation in Rule 26 or case law;

Page 4- OPINION AND ORDER

and (3) instituted a scheme that has undesirable practical effects, forcing litigants to additionally

retain outside experts to avoid waiving protections and privileges.

Regarding the first criticism, I note that *Sierra Pacific* accurately surveyed the law *in the*

*Ninth Circuit* concerning the effect of designating a non-reporting expert.  A brief recap of *Sierra*

*Pacific* is required to explain why.  *Sierra Pacific* recognized that the 2010 amendments to Rule

26 consciously sidestepped the issue of whether communications between non-reporting experts

and counsel should enjoy work-product protection, instead recognizing that protections and

privileges of such communications, if any, would have to be based on preexisting case law.  *See*

2010 Advisory Committee Note to Fed. R. Civ. P. 26, Subdivision (b)(4)) ("[t]he rule does not

exclude protection [communications between attorneys and non-reporting witnesses] under other

doctrines, such as privilege or independent development of the work-product doctrine.").

Consequently, the *Sierra Pacific* court surveyed jurisprudence on the subject in the Ninth Circuit,

finding that courts here had consistently treated a designation of a testifying expert witness as a

waiver of protections and privileges for communications between the expert and the party's

attorney.  *Sierra Pacific* acknowledged that the concept of a "non-reporting" expert witness was

new in the 2010 amendments, and that while employee experts were previously considered part

of the larger category of "testifying" expert witnesses, no cases within the circuit had ever before

addressed whether the waiver of protection also applied to what are now known as non-reporting

expert witnesses.  But, given the dearth of authority on the precise factual question, the *Sierra*

*Pacific* court stuck with the consistent body of case law in this circuit setting forth a "bright-line"

rule that "designating an individual as a testifying expert waives all applicable privileges and

protections of communications and information provided to that expert by counsel retaining the

Page 5- OPINION AND ORDER

expert." 2011 WL 2119078, at *7 (citing cases).

GTN criticizes *Sierra Pacific* for failing to recognize that a Maryland bankruptcy court and a federal court in Maine had both addressed designation of employee expert witnesses under the pre-2010 rules and found that such a designation did not waive work-product protection or attorney-client privilege. *See In re USGen New England, Inc.*, Nos. 2187, 2191, 2198, 2007 WL 2363353, at *10-12 (Bankr. D. Md. Aug. 16, 2007); *Planalto v. Ohio Cas. Ins. Co.*, 256 F.R.D. 16, 21 (D. Me. 2009) (following *USGen*). I have no quibble with *In re USGen*, except to note that it drew support from the fact that a local court rule in the District of Maryland did not require hybrid fact/expert witnesses to produce "disclosures," which included privileged and protected information. 2007 WL 2363353, at *12. But even if *USGen* had not based its holding in part on a particular local rule, *Sierra Pacific* correctly relied on the clear holdings of its sister courts within the same circuit, rather than adopting a different approach for employee experts from a district court out of the circuit.

Second, I agree with GTN that the *Sierra Pacific* court crafted a new rule for hybrid fact and opinion witnesses, as opposed to other non-reporting witnesses, that was not anchored directly in the text of 2010 Rule 26 amendments. 2011 WL 2119078, at *10 ("However, some non-reporting witnesses, such as treating physicians and accident investigators, *should be* treated differently than reporting witnesses with respect to the discoverability of their communications with counsel. These type of witnesses are hybrid fact and expert opinion witnesses.") (internal citation omitted) (emphasis added). Nevertheless, by doing so *Sierra Pacific* effectively *narrowed* the scope of the waiver against which GTN now protests. Remember that the pre-2010 bright line rule for courts in the Ninth Circuit found waiver for all testifying experts. *Sierra*

Page 6- OPINION AND ORDER

*Pacific* could have hewed to that bright line rule and found that, likewise, waiver applied for all testifying non-reporting experts; what are now known as non-reporting experts are simply a subset of what were previously known as testifying experts. But instead *Sierra Pacific* found that protections should only be waived for non-reporting experts who are hybrid fact and opinion witnesses, since as a matter of policy it would be desirable to determine whether such witnesses' expert opinions and factual testimony had been influenced by counsel. *Id.* In doing so, *Sierra Pacific* preserved protections for attorney communications with non-reporting witnesses who offer only opinions but who lacked percipient knowledge of the facts, such as an individual employed by the party who possesses expert knowledge but does not regularly testify as an expert. Thus, while *Sierra Pacific* did not adhere to prior cases in this circuit with perfect fidelity, it deviated from those cases by effectively *expanding* the privileges and protections afforded to non-reporting witnesses, not the other way around.

Last, I am sympathetic to GTN's concerns about the practical effects of the *Sierra Pacific* formulation. Indeed, where a party's employee has percipient knowledge of facts relevant to a case, as well as the expertise necessary to interpret those facts, designation of that individual will waive protections and privileges for communications with the party's attorney. Such a party would then be likely to designate that employee as a fact witness only and utilize the witness' expertise in trial preparation only, retaining an additional outside expert for trial, or alternatively, attempt to specially employ the employee to convert her into a reporting expert and take advantage of the new Rule 26 work product protections for reporting experts.[1] GTN notes that

---

[1] Interestingly, courts have disagreed about whether an employee expert can be specially employed as an expert in anticipation of trial, *see generally In re Shell Oil Refinery*, 132 F.R.D. 437, 441–42 (E.D.La.1990) (describing opposing viewpoints), although a recent well-reasoned

Page 7- OPINION AND ORDER

the Advisory Committee Notes to the 2010 amendments to Rule 26 clearly seek to reduce cost

associated with the need for multiple experts, not to increase them. 2010 Advisory Committee

Note to Fed. R. Civ. P. 26. But that practical disadvantage is counterbalanced by the recognition

that in-house hybrid fact and opinion witnesses are particularly susceptible to bias based on

interactions with a party's attorney, especially because coaching from the attorney concerning the

party's legal theory and the expert's opinion testimony could bleed over and affect the witness'

recitation of her underlying factual observations. Obviously, this issue is very complex, and the

*Sierra Pacific* rule has some anomalous effects. Since the Ninth Circuit has not yet addressed the

topic, this court's prior ruling applying the *Sierra Pacific* approach was not clearly erroneous.

GTN also takes issue with the court's conclusion that designation of non-reporting hybrid

fact and opinion experts waives privileges and protections for documents "generated" or "seen"

by those witnesses that relate to the topic of their testimony. GTN insists that this formulation

would require it to produce every document its non-reporting experts ever generated or reviewed

relating to the topic of their expertise, perhaps spanning the witnesses' entire career. My order

was not meant to reach that far back. Instead, I clarify that production should be limited to only

documents generated or seen by the experts *in connection with their analyses of the events at

issue in this suit* that pertain to the subject of their expert opinions.

## II.    Permanence of Waiver

Alternatively, GTN asks that it be allowed to amend its expert witness designations to

make the witnesses at issue either a reporting expert witnesses (ostensibly by specially employing

_____

opinion has concluded that Rule 26 allows for special employment of in-house experts. *See
Tellabs Operations, Inc. v. Fujitsu Ltd.*, — F.R.D. —, 2012 WL 1520333 (N.D. Ill. May 1,
2012).

them), a mere fact witnesses, or to allow GTN to withdraw them as witnesses altogether. PacifiCorp argues that GTN cannot recharacterize or rescind its expert designations now, especially because GTN represented to the court that the experts were, indeed, non-reporting employee witnesses. PacifiCorp also contends that even if GTN now amended its designations, it already permanently waived work-product protection and attorney-client privilege by virtue of its initial designations.

I agree with PacifiCorp that GTN's designations irreversibly waived any attorney-client privilege. In *CP Kelco U.S. Inc. v. Pharmacia Corp.*, 213 F.R.D. 176, 179 (D. Del. 2003), the court compelled production of allegedly attorney-client privileged documents provided to a retained testifying expert whose designation was withdrawn in the middle of deposition in an attempt to avoid producing those documents. The court explained:

> [E]xcept in limited circumstances not apposite here, a right that is waived is not available to be picked up again as if it were a handy tool . . . . It would be manifestly unfair to allow a party to use the privilege to shield information which it had deliberately chosen to use offensively, as [the party retaining the expert] did in this instance when it used the allegedly privileged documents to arm its expert for testimony. . . . The Court cannot accept [the] novel claim that parties are free to invoke an already waived privilege simply by changing the designation of an expert from "testifying" to "non-testifying."

*Id.* GTN contends that *CP Kelco* is inapposite because GTN never sought to withdraw their experts' designations *mid-deposition*. But GTN's attempt to re-designate or de-designate its experts now that the court has already ordered production of documents provided to those experts is precisely analogous and even perhaps more improper than the conduct in *CP Kelco,* where the changed designation did not seek to evade the effect of a court's ruling.

GTN cites another line of cases indicating that a party can restore the work-product protection by withdrawing an expert designation and using the expert as a consulting expert only.

Page 9- OPINION AND ORDER

*See Hansen Beverage Co. v. Innovation Ventures,* LLC, No. 08–CV–1166–IEG (WVG), 2010

WL 1608880, at \*2 (S.D. Cal. Apr. 20, 2010) (collecting cases); *FMC Corp. v. Vendo Co.,* 196 F.

Supp. 2d 1023, 1046 (E.D. Cal. 2002). These cases suggest that waiver can be undone even after

expert reports or other expert opinions have been submitted, so long as the expert does not testify

at trial. *Id.; see also Fed. Ins. Co. v. St. Paul Fire & Marine Ins. Co.,* No. C05-01878 JW (HRL),

2008 WL 761417, at \*3 (N.D. Cal. Mar. 19, 2008). But not all courts allow for such liberal

restoration of the work-product protection. Indeed, others find that waiver of the work-product

protection becomes permanent once some form of opinion evidence is disclosed, such as an

expert report, even if the expert never ultimately testifies at trial. *See Estate of Manship v.*

*United States,* 240 F.R.D. 229, 237 n.14 (M.D. La. 2006); *Commerce & Industry Insurance Co.*

*v. Grinnell Corp.,* 1999 WL 731410 (E.D.La.1999); *Ross v. Burlington Northern Railroad Co.,*

136 F.R.D. 638 (N.D.Ill.1991). I favor the latter approach, especially because it aligns the

analysis under the work-product doctrine with that set forth above concerning the attorney-client

privilege. Once GTN designated its employee experts and disclosed the opinions they intended

to offer at trial, GTN waived both the attorney-client privilege and the work-product protection to

documents it provided to those experts which pertained to the subject of their expert opinions

concerning the events at issue in this litigation.

## III.    Interlocutory Appeal

GTN also seeks to have the court certify its earlier order concerning the motion to compel

for interlocutory appeal. Section 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under
> this section, shall be of the opinion that such order involves a controlling question of law
> as to which there is substantial ground for difference of opinion and that an immediate

appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). The party pursuing the interlocutory appeal bears the burden of demonstrating that the district court order satisfies the three prerequisites for certification: (1) that the order involves a controlling question of law; (2) that there is substantial ground for difference of opinion on that legal question; and (3) that an immediate appeal on that legal question may materially advance the ultimate termination of the litigation. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Here, GTN does not even identify the relevant standard in this circuit, let alone demonstrate those elements are satisfied. The court therefore declines to certify its previous order for interlocutory appeal under Section 1292(b).

## CONCLUSION

For the reasons discussed above, PacifiCorp's motion to enforce the court's order compelling discovery (#366) is granted.

IT IS SO ORDERED.

Dated this 6th day of November, 2012.

Honorable Paul Papak
United States Magistrate Judge

Page 11- OPINION AND ORDER