IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PACIFICORP, an Oregon
corporation,

                Plaintiff,                3:10-cv-00099-PK

v.                                            OPINION AND ORDER

NORTHWEST PIPELINE GP, a
Delaware Partnership, and GAS
TRANSMISSION NORTHWEST
CORPORATION, a California
corporation,

                Defendants.

PAPAK, Magistrate Judge:

       Plaintiff PacifiCorp brings this action against defendants Northwest Pipeline GP ("Northwest") and Gas Transmission Northwest Corporation ("GTN") arising out of the alleged contamination of natural gas causing damage to PacifiCorp's Hermiston power plant. Now

Page 1 - OPINION AND ORDER

before the court are GTN's motion to compel (#455) and PacifiCorp's response (#465). For the reasons discussed below, GTN's motion to compel is denied and PacifiCorp's request to limit further discovery, as set forth in its response, is granted.

## BACKGROUND

PacifiCorp filed this action in the Circuit Court for the County of Multnomah on December 30, 2009, alleging state-law claims for negligence, negligence/res ipsa loquitur, trespass, and nuisance against Northwest and negligence/res ipsa loquitur and breach of contract against GTN. Notice of Removal, Ex. A, #1, at 9-16. On February 1, 2010, GTN removed the case to this court. Notice of Removal, #1, at 1. After an initial round of motions requesting remand and dismissal, the court held a Rule 16 conference at which time it set a fact-discovery deadline of June 1, 2011. October 19, 2010 Order, #71. At PacifiCorp's request, the court later extended the deadline to September 1, 2011. May 18, 2011 Order, #90. On July 27, 2011, the court denied PacifiCorp's second request to extend the fact-discovery deadline. July 27, 2011 Order, #127. Consequently, pursuant to the court's order, fact discovery concluded on September 1, 2011, although the parties agreed to conduct the Rule 30(b)(6) deposition of PacifiCorp and several other depositions several weeks after the end of discovery. Agreed Motion to Adjust Case Schedule, #140, at 2-3.

After fact discovery closed in September 2011, the case continued to progress toward trial, which the court scheduled to begin September 18, 2012. October 19, 2011 Order, #150. On May 18, 2012, the court heard argument on the parties' motions for summary judgment, GTN's motion for sanctions for spoliation, GTN's motion to stay the proceedings pending a referral to the Federal Energy Regulatory Commission ("FERC"), and PacifiCorp's motion to

Page 2 - OPINION AND ORDER

compel. May 18, 2012 Minutes of Proceedings, #359. On July 16, 2012, the court granted summary judgment in favor of Northwest and granted partial summary judgment in favor of GTN, leaving only PacifiCorp's breach-of-contract claim against GTN for trial. July 16, 2012 Opinion and Order, #361, at 15-21. The court also granted in part GTN's motion for sanctions and, among other things, authorized GTN to inspect the five fuel nozzles that had been preserved from the July 2007 outage. *Id.* at 21-40. In addition, the court granted in part PacifiCorp's motion to compel and ordered GTN to produce certain documents. *Id.* at 63-67. Finally, the court granted GTN's motion to stay the proceedings pending a decision by FERC as to the proper interpretation of the phrase "commercially free" of contaminates. *Id.* at 50-60.

While waiting for FERC's decision, PacifiCorp continued to seek the discovery the court ordered GTN to produce in the July 16, 2012 order. When GTN failed to comply, PacifiCorp filed a motion to enforce the July 16, 2012 order compelling production (#366), which the court granted on November 6, 2012. November 6, 2012 Opinion and Order, #405. On February 8, 2013, PacifiCorp filed a motion to compel (#423), again requesting that the court enforce the July 16, 2012 order compelling production and also raising additional discovery issues. On February 27, 2013, the court granted in part PacifiCorp's motion to compel and, among other things, authorized PacifiCorp to depose Larry Thomas, a previously undisclosed GTN employee. February 27, 2013 Order, #430; *see also* Transcript of February 27, 2013 Telephonic Oral Argument, #432, at 16-18.

On April 11, 2013, FERC issued its decision on the proper interpretation of the phrase "commercially free" of contaminates. Shortly thereafter, the court held a status conference to discuss the impact of the FERC decision. April 25, 2013 Minutes of Proceedings, #437. At the

Page 3 - OPINION AND ORDER

conference, the court requested that the parties submit a proposed schedule so the case could progress toward trial, which the court scheduled to begin March 11, 2014. May 10, 2013 Order, #438. On June 28, 2013, the parties emailed the court with the proposed deadlines and, on that same date, the court entered an order (#440) adopting the parties' proposed case schedule, including a September 13, 2013 discovery deadline.

On July 31, 2013, GTN filed the instant motion to compel, which requests that the court authorize GTN to depose Frank Glasgow for an additional five hours. Motion to Compel, #455, at 2. The court scheduled oral argument on the motion for September 10, 2013. July 31, 2013 Order, #458. On August 8, 2013, GTN emailed the court regarding a broader discovery dispute that had arisen. Specifically, GTN requests that the court resolve the question of whether the September 13, 2013 discovery deadline in the court's June 28, 2013 order applies to any fact discovery, as GTN contends, or whether the discovery referenced in the court's order is limited to GTN's inspection of the fuel nozzles from the July 2007 outage and PacifiCorp's deposition of Thomas, as PacifiCorp contends. In other words, GTN alleges that, at some point, fact discovery was reopened, pursuant to the parties' agreement and/or by authorization of the court.

In its response filed on August 19, 2013, PacifiCorp contends that fact discovery was complete in September 2011 and that the court reopened discovery for the limited purposes of allowing GTN to inspect the fuel nozzles and allowing PacifiCorp to depose Thomas. PacifiCorp's Memorandum in Opposition to GTN's Recently Issued Discovery Requests ("PacifiCorp's Response"), #465, at 4-5. Thus, PacifiCorp objects to GTN's recent discovery requests, which include:

(1) GTN's request to continue the deposition of Glasgow for an additional five hours;

Page 4 - OPINION AND ORDER

    (2)    GTN's request to depose David Lucas;

    (3)    GTN's request to depose Terry Journot;

    (4)    GTN's Federal Rule of Civil Procedure 45 subpoena to Cascade Natural Gas Corporation ("Cascade");[1] and

    (5)    GTN's second request for production to PacifiCorp.[2]

*Id.* at 2. On August 26, 2013, the court held a telephonic conference to address the issue raised in GTN's August 8, 2013 email. August 26, 2013 Minutes of Proceedings, #467.

For the reasons set forth below, the court agrees with PacifiCorp that the September 13, 2013 deadline refers only to the discovery previously authorized by the court—that is, GTN's inspection of the fuel nozzles and PacifiCorp's deposition of Thomas. Moreover, there is no basis for reopening discovery at this stage in the litigation.

## DISCUSSION

Fact discovery in this case closed in September 2011. There have been instances in

---

[1] The notice of subpoena is attached as Exhibit 1 to the Declaration of Brian T. Sniffen (#466) in support of PacifiCorp's response to GTN's discovery requests. In the notice of subpoena and attachment, GTN states that it intends to subpoena documents relating to the "King Tool filter installed in the gas yard at the Hermiston Plant," "odorant (and/or Mercaptan)" injected into the gas stream by Cascade, and "oil and/or grease (and/or Mercaptan)" used by Cascade at the Hermiston Meter Station. Declaration of Brian T. Sniffen ("Sniffen Decl."), Ex. 1, #466-1, at 4. GTN also states that "[t]he subpoena will include a request for a deposition on written questions to prove up responsive documents." *Id.* at 2.

[2] GTN's second request for production to PacifiCorp is attached as Exhibit 2 to the Sniffen Declaration. In the second request for production, GTN requests documents relating to "improvements and/or upgrades . . . installed at the Hermiston Plant since April of 2008," "operating data" for the turbines "for the three weeks preceding *each* outage" allegedly caused by the compressor oil, "all drawings and plans associating with the piping and facilities installed in the 'gas yard' present at the Hermiston Plant," and all communications "relating to all allegations, reports and/or suspicion of liquid hydrocarbons and/or oils in the fuel gas . . . since April of 2008." Sniffen Decl., Ex. 2, #466-2, at 4-5.

Page 5 - OPINION AND ORDER

which I permitted the parties to conduct additional, limited fact discovery, including the July 16, 2012 order permitting GTN to inspect the fuel nozzles and the February 27, 2013 order permitting PacifiCorp to depose Thomas. However, there is nothing in the record indicating I reopened all fact discovery.

Because discovery is closed, I construe GTN's motion to compel, and its other discovery requests, as a request to reopen discovery under Federal Rule of Civil Procedure 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992) (suggesting that, when a party files a motion to amend a pleading after the deadline set forth in the scheduling order without first filing a motion to amend the scheduling order, the court may deny the motion on the sole basis that it is untimely, but proceeding to treat a motion to amend the complaint as a *de facto* motion to modify the scheduling order). Under Rule 16(b), once a court issues a scheduling order, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The focus of the good-cause inquiry under Rule 16(b) is whether the party requesting an extension demonstrates that, despite its diligence, the deadline set forth in the scheduling order cannot reasonably be met. Fed. R. Civ. P. 16 advisory committee's note; *see also In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."), *quoting Johnson*, 975 F.2d at 609 (internal quotation mark omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. If the party requesting the modification "was not diligent, the inquiry should end." *Id.*

Page 6 - OPINION AND ORDER

In this case, GTN has failed to make the requisite showing of good cause warranting the court to modify the discovery deadline. I am unpersuaded by GTN suggestion that the declarations PacifiCorp submitted in support of its motion for summary judgment and in opposition to GTN's motion for summary judgment and motion for sanctions somehow changed the landscape of the litigation requiring additional discovery. Even if the declarations did raise new issues, GTN fails to explain why it did not seek to conduct additional fact discovery in April or May of 2012—shortly after GTN received the declarations. Moreover, GTN's argument that it needs to conduct additional discovery in light of FERC's ruling is unavailing. FERC's interpretation of GTN's tariff did not significantly alter the issues in this case warranting a new round of discovery. In sum, GTN has offered no convincing explanation for why it waited until now to request additional fact discovery. Absent such an explanation, I cannot find GTN acted diligently, as required under Rule 16(b), and, accordingly, GTN's request to reopen discovery is denied.

Alternatively, GTN's request to conduct additional discovery is denied pursuant to Federal Rule of Civil Procedure 26(b)(2)(C). Under Rule 26(b)(2)(C), a district court must limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in

resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

PacifiCorp contends that each of GTN's recent discovery requests is unreasonably duplicative, that GTN has already had ample opportunity to obtain the information (and, in most cases, has already obtained the information), and that the burden of the proposed discovery outweighs its benefit. For the reasons set forth in PacifiCorp's response, I agree. Significantly, and as discussed above in regard to Rule 16(b), GTN has offered no persuasive reason why it could not have obtained this discovery earlier. Moreover, additional fact discovery at this stage in the litigation will impose a considerable burden on PacifiCorp and the court. This case has been pending since 2010, the court has already granted the parties additional time in which to complete discovery, and extending the discovery deadline this close to the dispositve motions deadline and the trial date poses a serious risk of delaying this case even more so than it already has been. Thus, in light of the Rule 26(b)(2)(C) considerations and the circumstances of the case, I find that further fact discovery, other than the discovery previously authorized in the July 16, 2012 and February 27, 2013 orders, is not warranted.

//

//

//

//

//

//

//

Page 8 - OPINION AND ORDER

## CONCLUSION

For the reasons discussed above, GTN's motion to compel (#455) is denied and PacifiCorp's request to limit further discovery, as set forth in its response (#465), is granted. GTN's motion to compel is removed from the September 10, 2013 oral argument calendar.

Dated this 30th day of August, 2013.

Honorable Paul Papak
United States Magistrate Judge

Page 9 - OPINION AND ORDER